ACCEPTED
04-15-00551-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
9/11/2015 12:10:55 PM
KEITH HOTTLE
CLERK

# NO. 04-15-00551-CV

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
9/11/2015 12:10:55 PM
KEITH E. HOTTLE
Clerk

**IN THE COURT OF APPEALS**
**FOR THE FOURTH COURT OF APPEALS DISTRICT**
**SAN ANTONIO, TEXAS**

# Richard Matthew Villarreal

# v.

# Rebecca L. Villarreal

## APPELLANT'S MOTION FOR EMERGENCY RELIEF

TO THE HONORABLE COURT OF APPEALS:

APPELLANT, RICHARD MATTHEW VILLARREAL, respectfully presents his motion for emergency relief asking the Court to prevent REBECCA L. VILLARREAL from taking two of the subject children of this lawsuit, EASION VILLARREAL AND EBEK VILLARREAL from Bexar or surrounding counties while this Court decides this appeal.

## I.

This is an appeal from the grant of a motion to dismiss for lack of jurisdiction. Appellee REBECCA VILLAREEAL initially filed for divorce in Bexar County, Texas. Appellee then left Bexar County with the children subject of this suit in violation of the standing order in place at that time which did not allow a party to relocate children of a pending lawsuit.

## II.

Ignoring this Court's initial jurisdiction over this matter and without nonsuiting the Bexar County suit, Appellee filed for divorce in Indian Tribal Court in Arizona. This divorce was granted. Based upon this decree, Appellee relocated the children to Alaska. Appellant was denied contact with his children throughout this process.

## III.

Having located the children in Alaska, Appellant then moved in this proceeding to obtain the return of the children to Bexar County, Texas. Appellant showed that the district court that the divorce decree entered in the tribal court in Arizona was void because Texas had jurisdiction over the children at all times under the UCCJEA because Appellee herself filed suit for custody of the children in Texas first and never nonsuited that proceeding. Texas Family Code section 152.201 gives Texas jurisdiction to make an initial custody determination if Texas

is the child's home state on the date of the commencement of the proceeding. Tex. Fam. Code sec. 152.201(a)(1). Here, Appellee pled and admitted that the children lived in Texas for the proceeding six months when she filed suit herself in Texas. Nonetheless, Appellee then filed suit in Tribal Court in Arizona without ever nonsuiting the Texas proceeding and disavowing Texas of primary jurisdiction. Appellee was simply forum shopping.

## IV.

The Honorable Gloria Saldana heard Appellant's motion and held that Texas lacked jurisdiction over this matter because of the divorce decree entered by the Trial Court in Arizona and dismissed this lawsuit.

## V.

Appellee then allowed two of the children, Easion and Ebek, to come to Texas to be with Appellant. Appellee is now attempting to return the children to live with her in Alaska. Given Appellee's history of absconding with the children and manipulation of the Court system, this Court should not allow the children to leave Bexar and/or surrounding counties during the pendency of this appeal. Appellant will demonstrate to this Court that Appellee's impermissible forum shopping after she established dominant jurisdiction in Texas means that this Court has jurisdiction over the children—not the tribal Court or Alaskan Court. Appellant is likely to prevail on the merits of this case. However, if the children are allowed to leave

Appellee will likely not return to Texas and recognize this Court's primary authority and thus the relief granted by this Court will be rendered meaningless. The harm of allowing the children to leave Bexar County could not later be remedied by this Court.

WHEREFORE, PREMISES CONSIDERED, APPELLANT, RICHARD MATTHEW VILLARREAL, asks this Court to order that the children subject of this suit, EAISON VILLARREAL and EBEK VILLARREAL, remain in Bexar County, Texas in Appellant's possession pending the outcome of this appeal. Appellant prays for such other relief to which he may be entitled consistent with this Court's decision.

Respectfully submitted,

*/s/ Christopher J. Deeves*
CHRISTOPHER J. DEEVES
State Bar No. 00790575

THE LAW OFFICE OF
CHRISTOPHER DEEVES, P.C.
1370 Pantheon Way, Suite 110
San Antonio, Texas 78232
(210) 445-8807
(210) 501-0915 (fax)
e-mail: chrisdeeves@att.net

KENNETH GRUBBS
State Bar No. 00798225

WOODCOCK BUILDING
4241 Woodcock Drive, Suite C-120
San Antonio, Texas 78228

(210) 490-1292
(210) 499-4587 (fax)
e-mail: kengrubbs@sbcglobal.net

ATTORNEYS FOR
APPELLANT,
RICHARD MATTHEW VILLARREAL

## CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that he attempted to communicate with Laura Winget-Hernandez, counsel for Appellee on or about September 10, 2015 concerning the substance of this motion. Ms. Winget-Hernandez was unavailable and had not contacted the undersigned by this time of filing of this motion.
.

_/s/ Christopher J. Deeves_
CHRISTOPHER J. DEEVES

## CERTIFICATE OF SERVICE

This will certify that a true and correct copy of the above and foregoing document was served as indicated to the following counsel of record listed below on September 11, 2015:

***VIA E-SERVICE OR FAX:***

Laura Winget-Hernandez
3501 W. Commerce
San Antonio, Texas 78207
Fax: (210) 432-5308
COUNSEL FOR PETITIONER,
REBECCA L. VILLARREAL

*Christopher J. Deeves_____*
Christopher J. Deeves